```
       IN THE UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF GEORGIA
                  ATLANTA DIVISION
```

| | | |
|---|---|---|
| LAUREN M. O'NEILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO: |
| | * | |
| ALMECO USA, INC., | * | |
| | * | **JURY TRIAL DEMANDED** |
| Defendant. | * | |

**COMPLAINT**

Comes Now, Plaintiff, Lauren M. O'Neill, and files her Complaint against the above-named Defendant on the following grounds:

**INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, for violations of overtime wage laws and for retaliation by Defendant against Plaintiff for engaging in statutorily protected activity.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

The Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e).

4.

Defendant is an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

5.

Defendant is a Delaware corporation doing business within the State of Georgia, maintaining its corporate and principal office at 1610 Spectrum Drive, Lawrenceville, Gwinnett County, Georgia 30043.  This Court has personal jurisdiction over Defendant.

**VENUE**

6.

Defendant resides within the Atlanta Division of the Northern District of Georgia.  All action alleged herein occurred within the Atlanta Division of the Northern District of Georgia.  Venue in the Atlanta Division of Northern District of

Georgia is proper for the Defendant under 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

7.

The Plaintiff is a female citizen of the United States who resides in Barrow County, Georgia.

8.

Defendant is a for-profit Delaware corporation doing business within the State of Georgia and is subject to the jurisdiction of this Court.  Defendant may be served with summons and process by service upon its Chief Financial Officer, Bonnie Neumeister, at Defendant's principal address at 1610 Spectrum Drive, Lawrenceville, Gwinnett County, Georgia 30043.

**FACTS**

9.

On or about May 5, 2009, Plaintiff began her employment as an Accounting Clerk.

10.

On or about August 2, 2012, Plaintiff was terminated from her position as an Accounting Clerk.

11.

Throughout her employment, the Plaintiff was paid a salary as an overtime exempt FLSA employee.

12.

In her position of Accounting Clerk, the Plaintiff's duties were administrative duties consisting of processing accounts receivables, accounts payables, employee enrollment and payroll, and other basic administrative bookkeeping duties.

13.

After the Plaintiff performed her duties, her supervisor, Bonnie Neumeister, reviewed and approved the Plaintiff's work.

14.

All of the Plaintiff's duties were administrative duties.

15.

The administrative duties performed by the Plaintiff did not require the exercise of discretion or independent judgment.

16.

The Plaintiff's duties are not FLSA exempt duties.

17.

Throughout her employment, the Plaintiff routinely works greater than forty (40) hours per week in her employment with Defendant.

18.

Throughout her employment, the Plaintiff has not been paid hourly wages and overtime wages for the hours that she has worked in excess of forty (40) hours per week.

19.

Throughout her employment, the actual job duties performed by the Plaintiff were not exempt under the FLSA.

20.

In early 2011, the Plaintiff questioned Neumeister about her classification, and other employees, as exempt FLSA salaried employees.

21.

In early 2011, after the Plaintiff questioned Neumeister about her classification, and other employees, as exempt FLSA salaried employees, Neumeister told the Plaintiff, without any investigation into the issue, that the classifications were correct.

22.

In the summer of 2012, the Plaintiff complained to Neumeister that she was not being paid for the overtime hours she was working, in violation of the FLSA.

23.

In the summer of 2012, the Plaintiff complained to Neumeister that she had been misclassified as an FLSA exempt salaried employee.

24.

In response to the Plaintiff's complaints regarding FLSA violations in the summer of 2012, Neumeister failed to take any action to investigate or correct the misclassification of the Plaintiff's position.

25.

On or about August 2, 2012, Defendant terminated the Plaintiff because of her complaints regarding FLSA violations.

26.

Plaintiff is due retroactive payments and liquidated damages for hourly wages and overtime wages for hours worked beyond forty (40) hours per week.

**COUNT ONE: FLSA FAILURE TO PAY OVERTIME WAGES**

27.

Plaintiff incorporates herein paragraphs 1 through 26 of her Complaint.

28.

The job duties performed by Plaintiff while employed with Defendant are not exempt job duties under the overtime provisions of the FLSA.

29.

Defendant has failed to pay Plaintiff one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

30.

Defendant's conduct entitles Plaintiff to the amount of her unpaid overtime compensation.

31.

Defendant's conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiff to liquidated damages pursuant to 29 U.S.C. § 260.

**COUNT TWO: FLSA RETALIATION**

32.

Plaintiff incorporates herein paragraphs 1 through 32 of her Complaint.

33.

The Plaintiff engaged in statutorily protected activity as defined by 29 U.S.C. § 215 by complaining that Defendant was violating the FLSA by misclassifying her as exempt and not paying her for all hours worked in excess of forty (40) hours per week and for not paying her overtime wages.

34.

The termination of the Plaintiff has received is in retaliation for her statutorily protected complaints regarding violations of the FLSA.

35.

Defendant's actions in terminating Plaintiff are in violation of 29 U.S.C. § 215(3).

36.

Defendant's conduct entitles Plaintiff to damages for retaliation.

37.

Defendant's conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiff to liquidated damages pursuant to 29 U.S.C. § 260.

**PRAYER FOR RELIEF**

38.

Wherefore, the Plaintiff prays for a judgment as follows:

1. That the Court grant full back pay for unpaid hourly wages and overtime wages owed to the Plaintiff;

2. That the Court grant Plaintiff liquidated damages under the FLSA;

3. That the Court grant Plaintiff back pay and front pay based upon her retaliatory termination;

4. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been retaliated against;

5. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the FLSA and/or 42 U.S.C. § 1988;

6. That the Court grant Plaintiff a jury trial;

7. That the Court grant Plaintiff all other relief the Court deems just and proper; and,

8. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further violations of the FLSA.

Respectfully submitted this ____ day of March 2013.

**THE REDDY LAW FIRM, P.C.**


s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney at Law
Georgia Bar No. 597320

Please serve:

K. Prabhaker Reddy
THE REDDY LAW FIRM, P.C.
The Gates at Sugarloaf
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
kpr@reddlaw.net